UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARGARITA JIMENEZ,**

    **Plaintiff,**

vs.                                           Case No.: 8:12-CV-342-T-30EAJ

**CAROLYN W. COLVIN**
**Commissioner of Social**
**Security Administration,**[1]

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

    Plaintiff brings this action pursuant to the Social Security Act ("the Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

    The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the administrative record, and the pleadings and memoranda submitted by the parties in this case.[2]

    In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence

---

[1] The current acting Commissioner of Social Security, Carolyn W. Colvin, is substituted for Michael J. Astrue, former Commissioner of Social Security. See Fed. R. Civ. P. 25(d).

[2] The District Judge referred this matter to the undersigned for consideration and a Report and Recommendation. See Local Rule 6.01(a), M.D. Fla.

as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

## I. Background

On March 23, 2009, Plaintiff filed an application for DIB and SSI, alleging disability beginning January 15, 2009. (T 161, 165) Plaintiff's application was denied initially and upon reconsideration, and an administrative hearing was held on March 3, 2011. (T 34, 94, 98, 108, 111) Forty-nine years old at the time of the hearing, a high school graduate, Plaintiff attended college for one year and has past relevant work experience as a hospital admitting clerk and schedule clerk. (T 26, 34, 186, 198)

On April 12, 2011, an ALJ denied Plaintiff's application. (T 15) Although Plaintiff's severe impairments included lupus, obesity, back disorders, fibromyalgia, sciatica, sleep apnea, and asthma, these impairments did not meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App. 1. (T 21-22) Despite these impairments, Plaintiff was determined to have a residual functional capacity ("RFC") for sedentary work, but she can never balance or climb ladders, repes, or scaffolds, only occasionally stoop, kneel, crouch, or crawl, and must avoid

concentrated exposure to extreme heat and cold. (T 23)

Based on vocational expert ("VE") testimony, the ALJ found that Plaintiff was able to perform her past relevant work as a hospital admitting clerk and schedule clerk. (T 26, 85-86) Accordingly, the ALJ concluded that Plaintiff was not disabled during the relevant period. (T 26-27) On December 23, 2011, the Appeals Council denied review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (T 1)

The medical and other evidence has been reviewed in the ALJ's decision and will not be repeated here except as necessary to address the issues presented.

## II. Analysis

Plaintiff submits that the ALJ erred in failing to provide Plaintiff with a full and fair hearing by allowing medical experts to provide telephonic testimony, restricting Plaintiff's right to cross-examine the medical expert witness, and exhibiting animus toward Plaintiff and her counsel. Plaintiff also argues that the ALJ erred in assessing Plaintiff's credibility.

At the hearing on March 3, 2011, the ALJ called Shakil Mohammed, M.D. ("Dr. Mohammed") and Harrison W. Farber, M.D. ("Dr. Farber") as medical experts and Joyce Courtright as a VE. (T 34) The medical experts appeared by telephone. (T 36) The ALJ introduced Dr. Farber as board-certified in internal medicine and Dr. Mohammed as a psychiatrist. (Id.) The ALJ overruled Plaintiff's counsel's objection to the witnesses appearing by telephone. (T 37-38) Arguing that the evidence did not establish his credentials as a psychiatrist, Plaintiff's counsel also objected to Dr. Mohammed testifying. (T 37-38) The ALJ overruled the objection as Dr. Mohammed had testified at many hearings, practiced for ten years in Ohio, was a board-certified psychiatrist, and was not required to be licensed in the state of Florida. (T 38)

Dr. Mohammed testified that the record revealed that consultative examiner Gerald Hodan, Ph.D. ("Dr. Hodan") diagnosed dysthymic disorder and pain disorder with both psychological factors and a medical condition, but that there was no treatment by any mental health professional in the medical record. (T 42-43, 804-06)  Plaintiff's pain disorder did not fit the criteria in the listings for somatization disorder. (T 43) Dr. Mohammed opined that Plaintiff had no limitations in activities of daily living due to psychiatric illness, mild limitations in social functioning, mild limitations in concentration, persistence, and pace, and no episodes of decompensation. (T 43-45) Dr. Mohammed noted that Susan Fraser, M.D. ("Dr. Fraser") prescribed Plaintiff Cymbalta for fibromyalgia, not as an anti-depressant. (T 44)  Dr. Mohammed agreed with Plaintiff's counsel that the psychiatric diagnostic manual ("DSM-IV") included pain disorder as diagnosed by Dr. Holden. (T 45-46)

Dr. Farber reviewed Plaintiff's diagnoses of anemia that resolved, fibromyalgia, asthma without pulmonary function tests, vertigo without documentation, sleep apnea with a CPAP machine, diabetes, high blood pressure that was treated, lumbosacral and cervical spine arthritis and disc disease, lupus with treatment, and exogenous obesity with a weight from 200 to 222 pounds. (T 50) Plaintiff testified that she was five feet, one inch and 211 pounds. (T 51) Dr. Farber opined that Plaintiff was limited to sedentary work with occasionally lifting and carrying ten pounds, occasionally climbing ramps and stairs, stooping, kneeling, crouching, and crawling, and must avoid balancing, ladders, ropes,  scaffolds, and concentrated exposure to extreme cold and heat. (T 51-52)

As they were consistent with the medical record, the ALJ adopted the findings and opinions of Dr. Farber and Dr. Mohammed. (T 25)  The ALJ gave significant weight to the state agency non-examining physician who concluded that Plaintiff can perform a limited range of sedentary work and less weight to the state agency non-examining physician who concluded that Plaintiff could perform

light work. (Id.) The ALJ gave significant weight to Dr. Hodan's findings and some weight to the assessments of the state agency psychological medical consultants. (T 21)

The SSA's regulations in effect at the time of the administrative hearing provide that witnesses may appear at a hearing in person or by video teleconferencing. 20 C.F.R. §§ 404.950(e), 416.1450(e) (2010).[3] A claimant is entitled to notice if a witness's appearance is "scheduled to be made by teleconferencing rather than in person." 20 C.F.R. § 404.938(b) (2010).

The Commissioner asserts that the Hearing, Appeals, and Litigation Law Manual ("HALLEX") permits medical expert testimony by telephone. See HALLEX § I-2-5-30, 1994 WL 637367 (Sept. 28, 2005). In the alternative, the Commissioner argues that Plaintiff fails to show prejudice due to receipt of telephonic testimony from the expert witnesses.

The Commissioner's argument is unpersuasive. In this case, permitting telephonic testimony from the medical experts over Plaintiff's objection was not harmless error and requires remand. See Edwards v. Astrue, No. 3:10cv1017(MRK), 2011 WL 3490024, at *8 (D. Conn. Aug. 10, 2011) (finding claimant's objection to telephonic testimony required remand).[4] The HALLEX policies are not regulations and are not controlling. See id. at *6. Additionally, Plaintiff should have received notice that the medical experts would appear by telephone, but did not receive any such notice. See

---

[3] Effective June 20, 2013, "[w]itnesses may appear at a hearing in person or . . . by video teleconferencing or telephone." See 20 C.F.R. §§ 404.950(e), 416.1450(e) (2013).

[4] But see Tardiff v. Astrue, No. 11–cv–17–JD, 2012 WL 777484, at *5 (D.N.H. Mar. 7, 2012); Cassidy v. Astrue, No. 5:10cv212/RH/EMT, 2011 WL 4102824, at *13 (N.D. Fla. Aug. 9, 2011); Goodwin v. Astrue, No. 10–cv–233–PB, 2011 WL 1630927, at *11 (D.N.H. Apr. 11, 2011). Although these cases disagree with Edwards, the Court finds their reasoning less persuasive. Also, Cassidy is distinguishable because counsel in that case chose to absent himself from the hearing at which the medical expert testified and voluntarily gave up his right to cross-examine the medical expert.

id. at *7 (finding error for failure to provide notice that the medical expert would be testifying by telephone); see also Marasco v. Astrue, No. C 10-3970-PSG, 2012 WL 4717991, at *7 (N.D. Cal. Oct. 2, 2012) (remanding on other grounds, but noting that the failure to provide notice that medical expert would testify telephonically may have violated § 404.938(b)).  The hearing notice sent to Plaintiff states that medical experts would testify at the hearing, but does not indicate that they would testify by telephone. (T 119)  Finally, because the ALJ relied on the experts who testified by phone in concluding that Plaintiff was not disabled, affording Plaintiff a full and fair hearing necessitates a remand.[5]

Because remand is appropriate for independent reasons, there is no need to reach Plaintiff's arguments that the ALJ erred by restricting Plaintiff's right to cross-examine the medical expert witness, exhibiting animus toward Plaintiff and her counsel, and assessing Plaintiff's credibility. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam).

## Conclusion

On remand, each side shall be afforded an opportunity to introduce additional evidence on the issues presented.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)   The decision of the Commissioner be **REVERSED** and the case be **REMANDED** for further proceedings consistent with the forgoing; and

(2)   The Clerk of Court shall enter final judgment in favor of Plaintiff pursuant to 42

---

[5]  "There must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record." Graham v. Apfel, 129 F.3d 1420, 1423 (11th Cir. 1997).

U.S.C. § 405(g) as this is a "sentence four remand" and close the file. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993); Newsome v. Shalala, 8 F.3d 775, 779-80 (11th Cir. 1993). The final judgment shall state that if Plaintiff ultimately prevails in this case upon remand to the Social Security Administration, any motion for attorney's fees under 42 U.S.C. § 406(b) must be filed no later than thirty (30) days after the date of the Social Security letter sent to the plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney fees. See In re Procedures for Applying for Attorney Fees under 42 U.S.C. §§ 406(b) and 1383(d)(2), No. 6:12-mc-124-CRL-22 (M.D. Fla. Nov. 13, 2012).

**Date: June 21, 2013**

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).